1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  O'MELVENY & MYERS LLP
   Two Embarcadero Center
3  28th Floor
   San Francisco, California 94111-3823
4  Telephone:    +1 415 984 8700
   Facsimile:    +1 415 984 8701
5
   SCOTT W. PINK (S.B. #122383)
6  spink@omm.com
   2765 Sand Hill Road
7  Menlo Park, California 94025-7019
   Telephone:    +1 650 473 2600
8  Facsimile:    +1 650 473 2601

9  Attorneys for Plaintiff
   TRADER JOE'S COMPANY
10
                    **UNITED STATES DISTRICT COURT**
11
                    **CENTRAL DISTRICT OF CALIFORNIA**
12

13 TRADER JOE'S COMPANY, a California        Case No. _____
   corporation,
14                                           **COMPLAINT FOR**
                       Plaintiff,
15                                           1.  **FEDERAL TRADEMARK**
          v.                                     **INFRINGEMENT**
16                                               (15 U.S.C. §§ 1114-1118, 1125)
   T-SHIRT AT FASHION LLC, entity of        2.  **FEDERAL TRADEMARK DILUTION**
17 unknown jurisdiction, and DOES 1-5,          (15 U.S.C. § 1125(c))
                                             3.  **CALIFORNIA STATUTORY UNFAIR**
18                     Defendant.                **COMPETITION**
                                                 (Cal. Bus. & Prof. Code §§ 17200 *et. seq.*)
19                                           4.  **CALIFORNIA COMMON LAW**
                                                 **TRADEMARK INFRINGEMENT AND**
20                                               **UNFAIR COMPETITION**

21                                           **JURY TRIAL DEMAND**

22      Plaintiff, Trader Joe's Company ("Trader Joe's" or "Plaintiff"), brings this Complaint

23 against T-Shirt AT Fashion LLC ("T-Shirt AT" or "Defendant").

24                              __INTRODUCTION__

25      1.      Trader Joe's is the owner of several United States federal trademark registrations

26 for the mark TRADER JOE'S for retail grocery services and for a range of food and beverage

27 products and associated merchandise. For more than forty years, Trader Joe's has worked

28 tirelessly to assure that the TRADER JOE'S mark is associated only with goods and services of

                                                                            COMPLAINT

the highest quality. To achieve this mission, Trader Joe's maintains strict standards and tightly controls the sale of all products bearing the TRADER JOE'S mark.

2.      Trader Joe's also owns substantial common law trademark rights covering use of the famous TRADER JOE'S logo and TRADER JOE'S word mark on a variety of products, including apparel and home goods.

3.      Defendant T-Shirt AT Fashion LLC ("T-Shirt AT") prints and markets t-shirts and other apparel on its website (https://t-shirtat.com/) (the "Website"). On information and belief, T-Shirt AT has offered t-shirts and other apparel on multiple other websites under different seller aliases, identified in **Exhibit A**. On information and belief, and without Trader Joe's authorization, T-Shirt At sells a T-shirt bearing the Trader Joe's logo and word mark after the phrase ""I GOT MY ASS ATE AT," as shown below.



4.      Displaying the Trader Joe's mark alone would violate Trader Joe's intellectual property rights. T-Shirt AT's profane addition causes further injury by tarnishing Trader Joe's reputation in the mind of consumers and diminishing the positive, wholesome reputation of the Trader Joe's brand.

5.      The Website also sells t-shirts bearing a "Traitor Joe's" design that looks very similar to the trademarked TRADER JOE'S logo. These "Traitor Joe's" products offered for sale on the Website use very similar font, color, concentric circle border, and general composition as the Trader Joe's logo as shown below.



6.      The combination of these elements, as well as the phonetic similarity between the word "Traitor" as compared to "Trader," likewise ties the Trader Joe's brand to a perceived association with T-Shirt AT in the minds of consumers.

7.      Trader Joe's has contacted T-Shirt AT multiple times to demand that T-Shirt AT stop using Trader Joe's intellectual property and selling apparel that bears the TRADER JOE'S Family of Marks. T-shirt AT has refused to comply with Trader Joe's demands and has continued to market the infringing merchandise.

8.      In light of T-Shirt AT's continued violations of Trader Joe's intellectual property rights in the face of Trader Joe's repeated requests to stop, and the potential for significant reputational harm as a result of that conduct, injunctive relief is necessary to remedy the harm to Trader Joe's and prevent further infringement of Trader Joe's rights.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over this action under the trademark laws of the United States 15 U.S.C. §§ 1051 *et seq.* and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Trader Joe's related claims for relief under state laws pursuant to 28 U.S.C. § 1367(a).

10.     Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims herein occurred in this District. T-Shirt AT, by actively promoting, offering, and distributing its products in California is doing business in this District.

## PARTIES

11.     Plaintiff Trader Joe's Company is a corporation organized under the laws of the state of California with its principal place of business at 800 S. Shamrock Avenue, Monrovia, California 91016.

12.     On information and belief, "T-Shirt AT Fashion LLC" is a fictitious name. Trader Joe's has been unable to determine the true name(s) of the Defendant despite taking reasonable measures to do so. "T-Shirt AT Fashion LLC" is not registered with the Texas Secretary of State, although the Website lists a Texas business address. No other identifying information is readily available on the Website. In the event that T-shirt AT is not a legal entity and/or the operator of the Website, Trader Joe's will amend the complaint to substitute the name(s) of the proper defendants in place of the Doe defendants named above. Trader Joe's is not currently aware of the true names of the defendants sued herein as Does 1-5.

## FACTUAL BACKGROUND

### The Trader Joe's Story

13.     Trader Joe's is a national chain of neighborhood grocery stores that has become famous for its unique shopping experience and exciting, yet affordable product selection. Since 1967, Trader Joe's stores have stocked Trader Joe's-branded products that feature globally inspired flavors, high quality, and excellent value, and that are not available anywhere else. Trader Joe's Crew Members are knowledgeable and friendly. The stores encourage face-to-face interaction; self-check-out is not available, nor is "click-and-collect" curbside service. The staff of knowledgeable, friendly Crew Members and the frequently updated product selection transform grocery shopping from a chore into an exciting experience full of new discoveries each visit.

14.     Although it is a national chain, Trader Joe's maintains a neighborhood feel by ensuring its stores' structure, design, and Crew Members uniquely reflect their locations and by donating hundreds of millions of dollars of food products to its communities each year.

15.     Trader Joe's promotes its products through carefully curated channels. It produces a newsletter, "The Fearless Flyer," which is distributed at Trader Joe's stores and emailed to more than 700,000 customers throughout the United States. Trader Joe's also advertises on its podcast, various social media platforms, and on its website, www.traderjoes.com. The Trader Joe's website receives over 3.4 million visitors monthly even though customers cannot place orders there, which is a testament to the popularity of its brand. The website offers information about Trader Joe's products, stores, and its commitment to the community.

16.     Trader Joe's does not have price-reduction sales events, it does not offer coupons, and it does not provide loyalty programs or membership cards for its customers. Nor does Trader Joe's conduct extensive marketing and advertising campaigns for its products in the way that manufacturers of branded food products do. Instead, Trader Joe's relies heavily on the quality of its products and shopping experience to create loyal customers, who in turn promote its products via word-of-mouth. Trader Joe's can rely on word of mouth because it has worked tirelessly and methodically to ensure that its customers closely associate Trader Joe's and its TRADER JOE'S marks with both innovative, high-quality products at the best prices and with the rewarding, eventful, and fun shopping experience inside Trader Joe's stores.

17.     The Trader Joe's ethos and customer-centered experience has helped Trader Joe's expand from just a handful of stores in Southern California to over 500 neighborhood grocery stores in forty-two states and the District of Columbia. Critical to Trader Joe's success is its carefully cultivated reputation and attention to the details of each product it sells.

**Trader Joe's Intellectual Property Rights**

18.     For more than fifty years, Trader Joe's has offered grocery services under the mark TRADER JOE'S at its retail grocery stores. Each Trader Joe's grocery store is owned and operated by Trader Joe's; Trader Joe's does not franchise or license the mark TRADER JOE'S to others to use to offer retail grocery services in the United States. Trader Joe's does not permit the

sale of Trader Joe's products outside of Trader Joe's stores, whether in another retail establishment or online, nor does it permit the use of any of its marks on any goods other than those sold by Trader Joe's.

19.     The United States Patent and Trademark Office ("USPTO") has granted Trader Joe's numerous trademark registrations in the typed word mark TRADER JOE'S, the stylized word mark TRADER JOE'S, and the TRADER JOE'S (and design) logo (collectively, the "TRADER JOE'S Family of Marks," including as shown below:

| Mark | Registration Number |
|---|---|
| TRADER JOE'S | 1,420,628 (the "'628 Mark") |
| | 4,001,533 |
| | 5,221,626 |

20.     Each of these registrations is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

21.     Trader Joe's also owns substantial common law trademark rights covering use of the famous TRADER JOE'S logo and TRADER JOE'S word mark on a variety of products, including apparel and home goods.

22.     Products carrying the marks in the TRADER JOE'S Family of Marks are sold exclusively at Trader Joe's retail grocery stores.

COMPLAINT

23.     As a result of Trader Joe's tremendous success, the TRADER JOE'S Family of Marks have come to symbolize extraordinary goodwill and have achieved great fame both within and outside the United States.

24.     The fame and popularity of the TRADER JOE'S Family of Marks have generated very strong customer demand for other TRADER JOE'S-branded products and services and immediate brand recognition of the TRADER JOE'S trademarks and Trader Joe's.

### T-Shirt AT's Platform and Unlawful Activities

25.     T-Shirt AT has purposefully advertised, marketed, promoted, offered for sale, sold, and continues to advertise, market, promote, offer for sale, and sell products that violate Trader Joe's intellectual property rights.

26.     T-Shirt AT prints and markets t-shirts and other apparel for sale on the Website, as well as other online platforms including Topteetrending LLC (https://topteetrending.com) and Teezuri LLC T-Shirt Online (https://teezuri.com/), bearing a replica of the TRADER JOE'S trademarked logo beneath the phrase "I GOT MY ASS ATE AT." On information and belief, T-Shirt AT is the source of these t-shirts, even though they are being sold on other websites, as there are watermarks on the images of the designs that tie them to T-Shirt AT. These products, with a side-by-side comparison to Trader Joe's intellectual property, are shown below.

| Trader Joe's Intellectual Property | Infringing T-Shirt AT Products |
|---|---|
| <br><br>Trader Joe's logo, e.g., Trademark Reg. No. 5,221,626 | <br><br>https://topteetrending.com/product/i-got-my-ass-ate-at-trader-joes-logo-tshirt/<br><br><br><br>https://teezuri.com/product/mens-i-got-my-ass-ate-at-trader-joes-tshirt/ |

27.     The Website also features products bearing a "Traitor Joe's" design displaying President Joe Biden's face over the capitalized text "TRAITOR JOE'S," enclosed within a circle. The "Traitor Joe's" design bears significant similarities to the trademarked TRADER JOE'S logo,

as shown below, including at least in the font and capitalization of the text, the words "Traitor

Joe's," and the general design featuring a circle enclosing an image over text.

| | |
|---|---|
|  |  |
| Trader Joe's logo, *e.g.*, Trademark Reg. No. 5,221,626 | https://t-shirtat.com/shop/joe-biden-traitor-joes-shirt/ |

28.     T-Shirt AT never sought or received Trader Joe's authorization to use the

TRADER JOE'S Family of Marks on its website or any other platforms. Indeed, since early 2021,

Trader Joe's has repeatedly requested that T-Shirt AT stop its infringing activities.

29.     T-Shirt AT's conduct in marketing its t-shirts and other apparel using Trader Joe's

logo, word marks, and expressive designs has all been without the authorization of Trader Joe's.

30.     As a result of T-Shirt AT's activities, there is a likelihood that consumers will be

confused that Trader Joe's is associated or affiliated with T-Shirt AT, or that Trader Joe's

sponsored, approved, or licensed T-Shirt AT's use of its marks. Further, T-Shirt AT's activities

cause dilution by tarnishment of the TRADER JOE'S Family of Marks.

**Trader Joe's Has Repeatedly Demanded That T-Shirt AT Cease And Desist Its Unlawful Activities**

31.     On March 18, 2021, Trader Joe's sent correspondence to T-Shirt AT demanding

that T-Shirt AT remove the infringing "Traitor Joe's" products from its website and cease and

desist any further sale of the infringing products.

32.     On September 21, 2021, Trader Joe's sent another correspondence to T-Shirt AT

reiterating its demand.

33.     On April 21, 2022, Trader Joe's sent further correspondence to T-Shirt AT

identifying additional infringing conduct, including T-Shirt AT's unauthorized use of TRADER

JOE'S logo paired with the phrase "I GOT MY ASS ATE AT." Trader Joe's again demanded that T-Shirt AT stop printing or marketing all products featuring the infringing "I GOT MY ASS ATE AT TRADER JOE'S" design.

34.    On September 13, 2022, Trader Joe's sent further correspondence to T-Shirt AT demanding that T-Shirt AT cease its infringing conduct and warning that Trader Joe's would otherwise commence litigation. Trader Joe's received no response.

35.    In December 2022, an order for a T-shirt bearing the "Traitor Joe's" design placed from https://t-shirtat.com/shop/joe-biden-traitor-joes-shirt/ was successfully delivered. The package bore a return address as follows:

T-Shirt AT Fashion LLC
4855 Alpine Rd, Ste 190
Stafford, TX 77477

36.    To date, T-Shirt AT has refused to comply with Trader Joe's demands.

37.    T-Shirt AT's use of Trader Joe's registered trademarks and the unregistered elements of the TRADER JOE'S Family of Marks has been intentional, willful, and malicious. T-Shirt AT's bad faith has been evidenced at least by T-Shirt AT's unlawful use of Trader Joe's trademarks and/or colorable imitations thereof, with knowledge of Trader Joe's trademark rights and with the intent of benefitting from Trader Joe's commercial goodwill.

38.    As of the date of filing this lawsuit, T-Shirt AT has yet to cease and desist its unlawful activities.

39.    T-Shirt AT's aforesaid acts have caused and, unless said acts are restrained by this Court, will continue to cause Trader Joe's to suffer irreparable injury.

40.    Trader Joe's has no adequate remedy at law and is therefore entitled to injunctive relief.

## FIRST CAUSE OF ACTION – FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1118, 1125)

41.    Trader Joe's incorporates all of the above paragraphs as though fully set forth herein.

42.    Trader Joe's owns the TRADER JOE'S Family of Marks, as described above. The TRADER JOE'S Family of Marks are valid and protectable. Consumers recognize the TRADER

JOE'S Family of Marks as designating Trader Joe's as the source of goods. At all relevant times, T-Shirt AT had actual and/or statutory notice of Trader Joe's registrations of its Family of Marks.

43.     T-Shirt AT uses in commerce without the consent of Trader Joe's one or more of the TRADER JOE'S Family of Marks in connection with marketing and selling t-shirts and other apparel. T-Shirt AT's use of the TRADER JOE'S Family of Marks is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of T-Shirt AT's goods.

44.     As a direct and proximate result of T-Shirt AT's foregoing acts, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury. Trader Joe's is informed and believes that unless said conduct is enjoined by this Court, T-Shirt AT will continue and expand those activities to the continued and irreparable injury of Trader Joe's. This injury includes a reduction in the distinctiveness of the TRADER JOE'S Family of Marks and injury to Trader Joe's goodwill that damages cannot remedy. Trader Joe's has no adequate remedy at law.

45.     Trader Joe's is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining T-Shirt AT and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the TRADER JOE'S Family of Marks or any colorable imitations thereof.

46.     Pursuant to 15 U.S.C. 1117, Trader Joe's is also entitled to recover T-Shirt AT's profits, increased to adequately compensate Trader Joe's, (ii) up to treble Trader Joe's ascertainable damages, (iii) Trader Joe's costs of suit, and (iv) prejudgment interest. T-Shirt AT's willful use of the TRADER JOE'S Family of Marks without excuse or justification renders this an exceptional case and entitles Trader Joe's to its reasonable attorneys' fees.

47.     Pursuant to 15 U.S.C. 1118, Trader Joe's is entitled to an order requiring that T-Shirt AT deliver up for destruction of all goods in T-Shirt AT's possession or control that bear any of the TRADER JOE'S Family of Marks.

## **SECOND CAUSE OF ACTION – FEDERAL TRADEMARK DILUTION**
### **(15 U.S.C. § 1125(c))**

48.     Trader Joe's incorporates all of the above paragraphs as though fully set forth herein.

49.     The TRADER JOE'S Family of Marks are distinctive and famous. Those marks became famous prior to the time T-Shirt AT first used those marks in commerce.

50.     T-Shirt AT is making use in commerce of the TRADER JOE'S Family of Marks on its website. T-Shirt AT's use of the authentic TRADER JOE'S logo and TRADER JOE'S word mark on its products, in connection with the phrase "I GOT MY ASS ATE AT," creates an association between Trader Joe's and vulgarity, low quality goods, and poor taste. T-Shirt AT's use of the authentic TRADER JOE'S logo and TRADER JOE'S word mark on its products in connection with the phrase "Traitor Joe's" and an image of President Biden creates an association between Trader Joe's and criticism of the U.S. president, which is likely to impugn Trader Joe's reputation in the minds of certain consumers who disagree with that political commentary.

51.     T-Shirt AT's use of the famous TRADER JOE'S Family of Marks thereby erodes the public's positive association with these marks, thereby tarnishing the TRADER JOE'S Family of Marks.

52.     As a direct and proximate result of T-Shirt AT's foregoing acts, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury. Trader Joe's is informed and believes that unless said conduct is enjoined by this Court, T-Shirt AT will continue and expand those activities to the continued and irreparable injury of Trader Joe's. This injury includes a reduction in the goodwill associated with the TRADER JOE'S Family of Marks that damages cannot remedy. Trader Joe's has no adequate remedy at law.

53.     Trader Joe's is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining T-Shirt AT and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the TRADER JOE'S Family of Marks or any colorable imitations thereof.

54.     T-Shirt AT first used the TRADER JOE'S Family of Marks after October 6, 2006 and willfully intended to harm the reputation of the TRADER JOE'S Family of Marks. Pursuant to 15 U.S.C. 1117, Trader Joe's is also entitled to recover T-Shirt AT's profits, increased to adequately compensate Trader Joe's, (ii) up to treble Trader Joe's ascertainable damages, (iii) Trader Joe's costs of suit, and (iv) prejudgment interest. T-Shirt AT's willful use of the TRADER JOE'S Family of Marks without excuse or justification renders this an exceptional case and entitles Trader Joe's to its reasonable attorneys' fees. Pursuant to 15 U.S.C. 1118, Trader Joe's is entitled to an order requiring that T-Shirt AT deliver up for destruction of all goods in T-Shirt AT's possession or control that bear any of the TRADER JOE'S Family of Marks.

### THIRD CAUSE OF ACTION - CALIFORNIA STATUTORY UNFAIR COMPETITION
**(Cal. Bus. & Prof. Code §§ 17200 *et. seq.*)**

55.     Trader Joe's incorporates all of the above paragraphs as though fully set forth herein.

56.     T-Shirt AT engaged in unlawful, unfair, and/or fraudulent business acts and practices within the meaning of the UCL, including by infringing and diluting the value of Trader Joe's registered and common-law trademarks.

57.     T-Shirt AT's unauthorized use of the TRADER JOE'S Family of Marks infringes Trader Joe's exclusive rights to those marks, is likely to cause confusion, mistake, or deception as to the source or sponsorship if T-Shirt AT's goods, and is likely to deceive the public into believing that T-Shirt AT's goods are sponsored, endorsed or approved by Trader Joe's, are subject to Trader Joe's quality control measures, or are otherwise associated with Trader Joe's.

58.     As a proximate result of T-Shirt AT's actions, Trader Joe's has suffered and will continue to suffer great and irreparable injury and damage to its business and goodwill, including a reduction in the distinctiveness of its TRADER JOE'S Family of Marks. Unless T-Shirt AT is restrained and enjoined from engaging in said unlawful conduct, T-Shirt AT will continue to engage in the same, causing further great and irreparable injury and harm. The balance of equities and public interest both favor enjoining T-Shirt AT's wrongful conduct. Accordingly, Trader Joe's is entitled to preliminary and permanent injunctive relief as set forth below.

COMPLAINT

**FOURTH CAUSE OF ACTION - CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

59.     Trader Joe's incorporates all of the above paragraphs as though fully set forth herein.

60.     Trader Joe's owns all rights, title, and interest in and to the distinctive and famous TRADER JOE'S Family of Marks by virtue of its good-faith, extensive manufacture, sale, and advertisement of various goods and services sold under the TRADER JOE'S Family of Marks.

61.     T-Shirt AT markets goods that incorporate replicas and imitations of the TRADER JOE'S Family of Marks on its website.

62.     Such unauthorized use by T-Shirt AT infringes Trader Joe's exclusive rights to those marks and is likely to confuse or deceive the public as to Trader Joe's association with T-Shirt AT's goods when no such relationship exists.

63.     By such actions infringing Trader Joe's trademarks, T-Shirt AT is improperly trading upon Trader Joe's reputation and goodwill and is impairing Trader Joe's valuable rights in and to such trademarks.

64.     T-Shirt AT has acted with full faith and knowledge of Trader Joe's use of and statutory and common law rights to the TRADER JOE'S Family of Marks, and has done so without regard for the likelihood of consumer confusion created by T-Shirt AT's activities.

65.     As a proximate result of T-Shirt AT's actions, Trader Joe's has suffered and will continue to suffer great and irreparable injury and damage to its business and goodwill, including a reduction in the distinctiveness of its TRADER JOE'S Family of Marks. Unless T-Shirt AT is restrained and enjoined from engaging in said unlawful conduct, T-Shirt AT will continue to engage in the same, causing further great and irreparable injury and harm. The balance of equities and public interest both favor enjoining T-Shirt AT's wrongful conduct. Accordingly, Trader Joe's is entitled to preliminary and permanent injunctive relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Trader Joe's respectfully requests the following relief:

COMPLAINT

1.     That T-Shirt AT, DOES 1-5, and their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participating with any of them, including, but not limited to, all entities identified in Exhibit A, be immediately and permanently enjoined from:

(a)     using any trademarks in the TRADER JOE'S Family of Marks or any other copy, reproduction, colorable imitation, or simulation thereof on or in connection with T-Shirt AT's goods or services;

(b)     directly or indirectly infringing Trader Joe's trademarks in any manner including, but not limited to, advertising, selling, and/or offering for sale any goods or services bearing any confusingly similar imitations of any mark in the TRADER JOE'S Family of Marks;

(c)     promoting or facilitating any services in any manner that is likely to confuse, mislead, or deceive members of the public into believing that T-Shirt AT, or any of its agents, products, or services are associated with Trader Joe's, are sponsored, approved, or licensed by Trader Joe's, or are in any other way connected or affiliated with Trader Joe's;

(d)     facilitating the sale of t-shirts and other apparel bearing Trader Joe's marks and logo without Trader Joe's express authorization;

(e)     effecting assignments or transfers, forming new entities or associations or utilizing any other means or device for the purpose of circumventing or otherwise avoiding prohibitions set forth in subparagraphs (a) through (d).

2.     That T-Shirt AT be ordered to deliver up for destruction all goods in its possession or control bearing any of the TRADER JOE'S Family of Marks.

3.     Judgment in Trader Joe's favor and against T-Shirt AT on all causes of action alleged herein;

4.     Damages in an amount to be further proven at trial;

5.     Statutory damages;

6.     Punitive damages;

           COMPLAINT

7.      Costs of suit incurred herein;

8.      Prejudgment interest;

9.      Attorneys' fees and costs; and

10.     Such other and further relief as the Court may deem to be just and proper

**<u>JURY DEMAND</u>**

Trader Joe's demands a jury trial for all issues so triable.

Dated: April 20, 2023

DAVID R. EBERHART
SCOTT W. PINK
O'MELVENY & MYERS LLP

By:        */s/ David R. Eberhart*
                David R. Eberhart

Attorneys for Plaintiff
TRADER JOE'S COMPANY

COMPLAINT