DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:  +1 415 984 8700
Facsimile:   +1 415 984 8701

SCOTT W. PINK (S.B. #122383)
spink@omm.com
2765 Sand Hill Road
Menlo Park, California 94025-7019
Telephone:  +1 650 473 2600
Facsimile:   +1 650 473 2601

Attorneys for Plaintiff
TRADER JOE'S COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| TRADER JOE'S COMPANY, a California corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>T-SHIRT AT FASHION LLC, entity of unknown jurisdiction, and DOES 1-5,<br><br>                    Defendant. | Case No. 2:23-cv-03010-MWF-RAO<br><br>**PLAINTIFF TRADER JOE'S RESPONSE TO ORDER TO SHOW CAUSE AND NOTICE OF *EX PARTE* MOTION FOR PERMISSION TO EFFECT SERVICE OF PROCESS BY ALTERNATIVE MEANS AND EXTENSION OF TIME TO SERVE DEFENDANT T-SHIRT AT FASHION LLC, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    July 24, 2023<br>Time:   10:00 a.m.<br>Judge:  Hon. Michael W. Fitzgerald |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that pursuant to Civ. L.R. 7-19, Plaintiff Trader

3  Joe's Company ("Trader Joe's") hereby responds to the Court's July 7, 2023, Order

4  to Show Cause (Dkt. 11) and moves *ex parte* for permission to serve the summons

5  and Complaint on Defendant T-shirt AT Fashion LLC ("Defendant") by alternative

6  means as authorized by Fed. R. Civ. P. 4(f)(3). The matter is being presented before

7  United States District Judge Michael W. Fitzgerald in Courtroom 5A, located at

8  First Street Courthouse, 350 West First Street, Los Angeles, California 90012.

9  Trader Joe's is available for a hearing if the Court prefers oral argument on this

10  motion.

11      Trader Joe's requests permission to effect service on Defendant by email to

12  support@t-shirtat.com, which is Defendant's known corporate and legal email

13  address. Trader Joe's also requests a reasonable extension of the deadline to

14  complete such service. This motion is based upon this Notice of Motion and

15  Motion, the attached Memorandum of Points and Authorities, the Declarations of

16  David R. Eberhart, Margo Evashevski, and Taylor Lastor and the Exhibits attached

17  thereto, the Court's files in this action, the arguments of counsel, and any other

18  matter the Court may properly consider.

19

20

21

22

23

24

25

26

27

28

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
2:23-CV-03010-MWF-RAO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: July 13, 2023

O'MELVENY & MYERS LLP

By: */s/ David R. Eberhart*

David R. Eberhart
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:    +1 415 984 8700
Facsimile:     +1 415 984 8701

Scott W. Pink
2765 Sand Hill Road
Menlo Park, California 94025-7019
Telephone:    +1 650 473 2600
Facsimile:     +1 650 473 2601

*Attorneys for Plaintiff*
*Trader Joe's Company*

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
2:23-CV-03010-MWF-RAO

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................1

II.   STATEMENT OF FACTS...................................................................1

    A.    Defendant and Its Aliases ........................................................1

    B.    Defendant Directs Most Correspondence to a Single Email
           Address Only...............................................................................2

    C.    Trader Joe's Presuit Investigation and Attempts to Address
           Defendant's Trademark Infringement........................................3

    D.    Trader Joe's Attempts to Effect Service on Defendant by
           Conventional Means ..................................................................6

III.  LEGAL STANDARD ..........................................................................7

IV.   ARGUMENT ......................................................................................9

    A.    Trader Joe's Has "Demonstrated Reasonable Diligence" in Its
           Attempts to Serve Defendant by Conventional Means.......................9

    B.    Service by Email Is "Reasonably Calculated to Provide Actual
           Notice" to Defendant ...........................................................11

V.    CONCLUSION ..................................................................................13

# TABLE OF AUTHORITIES

Page

<u>CASES</u>

*Aevoe Corp. v. Pace*,
No. C 11-3215 MEJ, 2011 WL 3904133 (N.D. Cal. Sept. 6, 2011) ...................10

*Cisco Sys., Inc. v. Shaitor*,
No. 18-CV-00480-LB, 2018 WL 3109398 (N.D. Cal. June 25,
2018) ...........................................................................................................................8

*Creative Intellects v. Haygood*,
No. 221CV02670RGKAFM, 2021 WL 3568237 (C.D. Cal. July 23,
2021) .....................................................................................................................12, 13

*Dusenbery v. United States*,
534 U.S. 161 (2002) .................................................................................................10

*E.L.V.H. Inc. v. Bennett*,
No. 218CV00710ODWPLA, 2018 WL 6131947 (C.D. Cal. May 2,
2018) .....................................................................................................................10, 13

*Facebook, Inc. v. Banana Ads, LLC*,
No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) ...............11

*Gnathonic, LLC v. Dingman*,
No. 219CV01502VAPSSX, 2019 WL 13166751 (C.D. Cal. Oct. 2,
2019) ..................................................................................................................passim

*Kohler Co. v. Domainjet, Inc.*,
No. 11-CV-1767-BEN MDD, 2012 WL 716883 (S.D. Cal. Mar. 5,
2012) ...........................................................................................................................11

*Miller v. Ceres Unified Sch. Dist.*,
No. 1:15-CV-0029-BAM, 2016 WL 4702754 (E.D. Cal. Sept. 7,
2016) .............................................................................................................................9

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
339 U.S. 306 (1950) ...................................................................................................8

*Patagonia, Inc. v. Krantz*,
No. CV222827FMOMAAX, 2022 WL 17224651 (C.D. Cal. Aug.
10, 2022) .....................................................................................................................8

*Patagonia, Inc. v. T-Shirt AT Fashion LLC, et al.*,
No. 22-cv-07404-PA-MRW (2023) ........................................................................6

*Rio Properties, Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) ............................................................................8, 11

**TABLE OF AUTHORITIES**
(continued)

Page

*Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*,
  No. C 13-80246-WHA, 2014 WL 1877547 (N.D. Cal. May 9,
  2014) ............................................................................................9

*Watts v. Crawford*,
  10 Cal. 4th 743 (1995) .............................................................10

*Wells Fargo Bank, N.A. v. Ninesquare Cap. Partners, LLC*,
  No. 222CV01277FWSASX, 2022 WL 17370535 (C.D. Cal. Oct. 5,
  2022) ............................................................................................9

**STATUTES**

Cal. Civ. Proc. Code § 413.30 ..................................................8, 9, 11, 12

**RULES**

Fed. R. Civ. P. 4(e)(1) ..................................................................8

Fed. R. Civ. P. 4(f)(3) ..................................................................1

Fed. R. Civ. P. 4(m) ....................................................................7

## I.    INTRODUCTION

Trader Joe's respectfully seeks an order permitting alternative service of the summons and Complaint on Defendant by email, because: (1) Trader Joe's has exhausted substantial resources investigating and attempting service by conventional means on Defendant, without success; (2) Defendant intentionally falsified its address and those of its affiliate companies to thwart service by conventional means; and (3) Trader Joe's and Defendant have already communicated by email, rendering email the most reasonably calculated means to provide notice of the suit to Defendant.

Trader Joe's inability to serve Defendant, despite diligent efforts to effect service, is materially impeding the progress of this litigation and causing ongoing harm to Trader Joe's. Thus, pursuant to Fed. R. Civ. P. 4(f)(3), Trader Joe's respectfully requests authorization from the Court to serve the summons and Complaint on Defendant by email to support@t-shirtat.com, which is Defendant's known and valid email address. Trader Joe's also requests a reasonable extension of the deadline to complete such service. The facts of this case constitute good cause as to why this action should not be dismissed for lack of prosecution, and warrant an exercise of such authority.

## II.    STATEMENT OF FACTS

### A.    Defendant and Its Aliases

Defendant operates its primary website at <https://t-shirtat.com> (the "Website"). Dkt. 1 ¶ 3; Declaration of David R. Eberhart ("Eberhart Decl.") ¶ 3, Exhibit ("Ex.") A. On the Website, Defendant markets T-shirts and other apparel for sale and delivery to consumers throughout the United States and abroad. Dkt. 1 ¶¶ 3, 25-27; Eberhart Decl. ¶ 4, Ex. A. On the Website, Defendant sells numerous products that display Trader Joe's registered trademarks, including the TRADER JOE'S word mark, stylized word mark, and logo. Dkt. 1 ¶¶ 26-28; Eberhart Decl. ¶ 5, Ex. B.

Defendant also operates multiple alias websites ("Alias Websites"). Dkt. 1 ¶ 3, Ex. A; Eberhart Decl. ¶ 6. Defendant's Alias Websites have a substantially identical look and feel as the Website, and those websites also contain webpages displaying substantially identical products, product descriptions, privacy policies, terms of service, Digital Millennium Copyright Act ("DMCA") policies, and alleged contact information as on the Website. Eberhart Decl. ¶ 7, Ex. C. Defendant also sells numerous products that display Trader Joe's registered trademarks on the Alias Websites. *Id*. ¶ 8, Ex. D.

**B.      Defendant Directs Most Correspondence to a Single Email Address Only**

Defendant directs almost all correspondence to a single email account. Where Defendant lists a physical address, that address is not actually associated with Defendant, as discussed below. The following are Defendant's representations regarding contact methods:

- Each webpage on the Website displays a banner of purported information about Defendant. Eberhart Decl. ¶ 9, Ex. A. This banner contains a list titled "Store Information." *Id*. Under "Store Information," Defendant lists a contact email address at support@t-shirtat.com, and a physical contact address at 909 County Rd 2216, Cleveland, Texas 77327.

- The Website also contains a "Contact" webpage. Eberhart Decl. ¶ 10, Ex. E. The "Contact" webpage does not identify a physical or mailing contact address for Defendant. Eberhart Decl., Ex. E. Rather, it directs consumers to contact Defendant by email at support@t-shirtat.com.

- The Website also contains a "DMCA" webpage, which contains Defendant's purported policy for addressing copyright infringement and takedown requests pursuant to the DMCA. Eberhart Decl. ¶ 11, Ex. F. This webpage also identifies the purported contact information

for Defendant's designated agent for DMCA complaints. Eberhart Decl., Ex. F. It does not list a physical or mailing address. *Id*. Rather, it directs consumers to contact Defendant's designated DMCA agent by email at support@t-shirtat.com. *Id*.

- The Website also contains a "Terms of Service" webpage, which contains Defendant's purported terms and conditions for using the Website. Eberhart Decl. ¶ 12, Ex. G. This webpage identifies the contact information for consumers to submit legal correspondence to Defendant regarding its terms of service. Eberhart Decl., Ex. G. It does not list a physical or mailing address. *Id*. Rather, it directs consumers to submit such legal inquiries by email at support@t-shirtat.com. *Id*.

- The Website also contains a "Privacy Statement" webpage, which contains Defendant's purported privacy policy. Eberhart Decl. ¶ 13, Ex. H. This webpage identifies the contact information for consumers to submit legal inquiries to Defendant's "Privacy Compliance Officer." Eberhart Decl., Ex. H. It does not list a physical or mailing address. *Id*. Rather, it directs consumers to contact Defendant's "Privacy Compliance Officer" by email at support@t-shirtat.com. *Id*. Specifically, it informs consumers: "If you would like to: . . . register a complaint . . . do not hesitate to contact our Privacy Compliance Officer at support@t-shirtat.com." *Id*.

C. **Trader Joe's Presuit Investigation and Attempts to Address Defendant's Trademark Infringement**

On March 18, 2021, Trader Joe's sent a cease and desist letter to Defendant via email at support@t-shirtat.com, demanding that Defendant stop infringing Trader Joe's intellectual property. Eberhart Decl. ¶ 14, Ex. I. Defendant never responded to this demand; however, the email from Trader Joe's did not result in a

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
2:23-CV-03010-MWF-RAO

bounce-back message or other indication that it had not been delivered. *Id.*

On September 21, 2021, Trader Joe's sent another cease and desist letter to Defendant via email at support@t-shirtat.com, again demanding that Defendant stop infringing Trader Joe's intellectual property. Eberhart Decl. ¶ 15, Ex. J. Defendant never responded to this demand, but the email from Trader Joe's did not result in a bounce-back message or other indication that it had not been delivered. *Id.*

On April 21, 2022, Trader Joe's sent another cease and desist letter to Defendant via email at support@t-shirtat.com, again demanding Defendant stop infringing Trader Joe's intellectual property with regard to additional product designs on the Website. Eberhart Decl. ¶ 16, Exs. K, L. Defendant never responded to this demand; again, however, there was no bounce-back message or other indication that Trader Joe's email had not been delivered. *Id.*

On September 13, 2022, Trader Joe's sent another cease and desist letter to Defendant via email at support@t-shirtat.com, again demanding Defendant stop infringing Trader Joe's intellectual property. Eberhart Decl. ¶ 17, Exs. M, N. In this demand, Trader Joe's enclosed a copy of the Complaint ultimately filed in this action and stated that Trader Joe's would initiate litigation in federal court if Defendant did not stop its unlawful conduct. *Id.* Defendant never responded to this demand and, again, there was no indication that the email had not been delivered. *Id.*

On or about October 11, 2022, Trader Joe's engaged a private investigator to investigate Defendant and determine its authentic address for service of the Complaint. Eberhart Decl. ¶ 18; Declaration of Margo Evashevski ("Evashevski Decl.") ¶ 3. Trader Joe's directed the investigator to purchase an article of Defendant's infringing merchandise from the Website. Eberhart Decl. ¶ 18; Evashevski Decl. ¶ 4. Trader Joe's did so in an effort to ascertain Defendant's true physical address by way of the infringing article's return shipping address, and to

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
2:23-CV-03010-MWF-RAO

establish direct communication with Defendant. Eberhart Decl. ¶ 18.

On October 12, 2022, the investigator purchased an infringing product from Defendant. Evashevski Decl. ¶ 5, Ex. A. That same day, the investigator emailed Defendant at support@t-shirtat.com, requesting to change the size of the ordered product. *Id*. On October 13, 2022, Defendant emailed the investigator from support@t-shirtat.com, confirming the investigator's order. *Id*. ¶ 6, Ex. A. Later on October 13, 2022, Defendant emailed the investigator from support@t-shirtat.com again, confirming the investigator's request to change the size of the ordered product and updating the order. *Id*. On October 25, 2022, the investigator received the infringing product from Defendant. *Id*. ¶ 7, Ex. B. The return address for this product was 1915 S. Susan Street, Santa Ana, CA 92704. Evashevski Decl., Ex. B.

On December 15, 2022, the investigator purchased another infringing product from Defendant. Evashevski Decl. ¶ 8, Ex. D. On December 18, 2022, Defendant sent the investigator an email from support@t-shirtat.com, confirming the investigator's order. *Id*. On December 27, 2023, the investigator received the infringing product from Defendant. *Id*. ¶ 9, Ex. C. The return address for this product was 4855 Alpine Road, Suite 190, Stafford, Texas 77477. Evashevski Decl., Ex. C.

On December 31, 2022, having confirmed via the private investigator that support@t-shirtat.com is Defendant's authentic email address, Trader Joe's sent another cease and desist letter to Defendant via email at support@t-shirtat.com, demanding again that Defendant stop infringing Trader Joe's intellectual property, and enclosing another copy of the Complaint. Eberhart Decl. ¶ 19, Exs. O, P. This email did not result in a bounce-back message or other indication that the email had not been delivered. *Id*. ¶ 19.

On January 9, 2023, the investigator sent an email to Defendant at support@t-shirtat.com, requesting information regarding product exchanges. Evashevski Decl. ¶ 10, Ex. D. On January 10, 2023, Defendant responded to the

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
2:23-CV-03010-MWF-RAO

1    investigator from support@t-shirtat.com. *Id.*

2          On January 30, 2023, Defendant sent Trader Joe's an email from support@t-
3    shirtat.com, acknowledging Trader Joe's claims of infringement set forth in Trader
4    Joe's December 31, 2022, letter and enclosed Complaint, and stating that Defendant
5    would remove the infringing products from the Website. Eberhart Decl. ¶ 20,
6    Ex. Q.

7          However, Defendant did not remove the infringing products from the
8    Website. Eberhart Decl. ¶ 21. As such, on April 20, 2023, Trader Joe's filed the
9    instant lawsuit. Dkt. 1.

10         **D.    Trader Joe's Attempts to Effect Service on Defendant by**
11              **Conventional Means**

12         Trader Joe's has attempted to effect service of process on Defendant at all
13    physical addresses that Trader Joe's has been able to identify as potentially
14    affiliated with Defendant. All of those attempts have failed.

15         On or about May 2, 2023, Trader Joe's attempted to effect service of process
16    on Defendant at the address identified on the Website: 909 County Rd 2216,
17    Cleveland, TX 77327. Eberhart Decl. ¶ 22, Ex. R. Service at this address was
18    unsuccessful. *Id.* This address belongs to a racing engine business that is unrelated
19    to Defendant or its business. *Id.*; Declaration of Taylor Lastor ("Lastor Decl.")
20    ¶¶ 3-6. According to the resident of this address, at least twenty other parties have
21    attempted to serve Defendant with process at her address. Eberhart Decl., Ex. R;
22    Lastor Decl. ¶ 7.[1] The resident of this address has also received return orders of
23    products purchased on the Website because Defendant advertises her address as
24    Defendant's own address on the Website. Eberhart Decl., Ex. R; Lastor Decl.

25

26    _____
      [1] At least one other case in this District involved the attempted service of process on
27    Defendant at this address due to Defendant's untruthful identification of this
      address on the Website. *See Patagonia, Inc. v. T-Shirt AT Fashion LLC, et al.*, No.
28    22-cv-07404-PA-MRW, Dkt. 15 at 3-4 (Jan. 27, 2023).

¶¶ 7-8. The resident of this address has been inundated for years with people and businesses attempting to contact Defendant at her address, and she has been unable to make it stop. Eberhart Decl., Ex. R; Lastor Decl. ¶ 9.

On or about May 2, 2023, Trader Joe's attempted to effect service of process on Defendant at an address identified on one of the Alias Websites as belonging to Defendant: 1005 County Rd 2216, Cleveland, TX 77327. Eberhart Decl. ¶ 22, Ex. R. Service at this address was unsuccessful. *Id*. According to the process server, this address is a mobile home that appears to be abandoned, and there was no indication that any company is located there. *Id*.

On or about May 2, 2023, Trader Joe's attempted to effect service of process on Defendant at the return addresses from one of the investigator's purchases of Defendant's merchandise: 4855 Alpine Rd, Ste. 190, Stafford, TX 77477. Eberhart Decl. ¶ 22, Ex. R. Service at this address was unsuccessful. *Id*. According to the process server, this address is a business called "Pmgoa," and the business owners are not Defendant and are not associated with Defendant. Eberhart Decl., Ex. R.

On or about May 12, 2023, Trader Joe's attempted to effect service of process on Defendant at the return address from the investigator's other purchase of Defendant's merchandise: 1915 S. Susan Street, Santa Ana, CA 92704. Eberhart Decl. ¶ 23, Ex. S. Service at this address was unsuccessful. *Id*. According to the process server, the tenants of this address did not know who Defendant is and have never heard of Defendant. *Id*.

Trader Joe's current deadline to effect service of the summons and Complaint on Defendant by ordinary means is July 19, 2023. Fed. R. Civ. P. 4(m).

On July 7, 2023, the Court issued an Order to Show Cause why this action should not be dismissed for lack of prosecution. Dkt. 11.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual ... may be served in a judicial district of the United States by: following state law for

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
2:23-CV-03010-MWF-RAO

1  serving a summons in an action brought in courts of general jurisdiction in the state

2  where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

3  Because this Court is located in California, it may authorize service of process in

4  conformity with California law. Section 413.30 of the California Code of Civil

5  Procedure provides that "[w]here no provision is made in this chapter or other law

6  for the service of summons, the court in which the action is pending may direct that

7  summons be served in a manner which is reasonably calculated to give actual notice

8  to the party to be served and that proof of such service be made as prescribed by the

9  court." Cal. Civ. Proc. Code § 413.30.

10        Under both federal and California rules, alternative service must comport

11  with constitutional due process. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d

12  1007, 1016 (9th Cir. 2002). "To meet this requirement, the method of service

13  crafted by the district court must be 'reasonably calculated, under all the

14  circumstances, to apprise interested parties of the pendency of the action and afford

15  them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane*

16  *v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Courts in the Ninth

17  Circuit permit email service for defendants within the United States pursuant to

18  Section 413.30 in circumstances "where email service 'is reasonably calculated to

19  give actual notice to the party to be served,' particularly where there is evidence

20  that the defendant is evading service." *Gnathonic, LLC v. Dingman*, No.

21  219CV01502VAPSSX, 2019 WL 13166751, at *1 (C.D. Cal. Oct. 2, 2019); *Cisco*

22  *Sys., Inc. v. Shaitor*, No. 18-CV-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal.

23  June 25, 2018) (collecting cases).

24        A timely motion or *ex parte* application to serve a defendant by alternative

25  means is sufficient to discharge an order to show cause why an action should not be

26  dismissed for lack of prosecution. *Patagonia, Inc. v. Krantz*, No.

27  CV222827FMOMAAX, 2022 WL 17224651, at *1 (C.D. Cal. Aug. 10, 2022)

28  (discharging order to show cause and authorizing email service); *cf. Wells Fargo*

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
2:23-CV-03010-MWF-RAO

*Bank, N.A. v. Ninesquare Cap. Partners, LLC*, No. 222CV01277FWSASX, 2022 WL 17370535, at *6 (C.D. Cal. Oct. 5, 2022) ("As an option, Plaintiff may discharge the order to show cause by filing a renewed motion for alternative service as to Defendant Ninesquare Capital Partners that demonstrates reasonable diligence under [the alternative service statutes].").

## IV.    ARGUMENT

To determine whether the Court should allow alternative service by email, the Court must determine that: (1) "the plaintiff demonstrated reasonable diligence in its attempts to serve the defendants"; and (2) "service by email is reasonably calculated to give actual notice to the defendants." *Gnathonic*, 2019 WL 13166751, at *1; *see also Miller v. Ceres Unified Sch. Dist.*, No. 1:15-CV-0029-BAM, 2016 WL 4702754, at *4 (E.D. Cal. Sept. 7, 2016) (permitting email service where "Plaintiff has adequately demonstrated that he has taken several reasonable steps to effect service upon Defendant" but that, "[d]espite reasonable diligence, process cannot be served on Defendant ... at her addresses of record," and where "the email address [plaintiff] proposes to use for service will reasonably give [defendant] adequate notice"); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246-WHA, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014) (permitting service by email where plaintiff made "reasonable effort to personally serve defendant" and "service by e-mail ... 'is reasonably calculated to give actual notice" to defendant") (quoting Cal. Civ. Proc. Code § 413.30)). Because Trader Joe's has demonstrated reasonable diligence in its attempts to serve Defendant, and because email is the method most likely to apprise Defendant of this action, authorizing service on Defendant by email is appropriate here.

### A.    Trader Joe's Has "Demonstrated Reasonable Diligence" in Its Attempts to Serve Defendant by Conventional Means

Reasonable diligence entails "a thorough, systematic investigation and inquiry conducted in good faith by the party or the party's agent or attorney."

1   *Dusenbery v. United States*, 534 U.S. 161, 162 (2002); *see also Watts v. Crawford*,

2   10 Cal. 4th 743, 749 n.5 (1995). Courts have found that good faith generally

3   involves a number of honest attempts to learn defendant's whereabouts or their

4   address and requires more than a single attempt to effectuate service. *Gnathonic*,

5   2019 WL 13166751, at *3 (citing cases). Hiring a private investigator to ascertain

6   addresses for the defendant, and then attempting to serve the defendant at those

7   addresses, constitutes reasonable diligence. *Id.* at *3; *Aevoe Corp. v. Pace*, No. C

8   11-3215 MEJ, 2011 WL 3904133, at *2 (N.D. Cal. Sept. 6, 2011); *E.L.V.H. Inc. v.

9   Bennett*, No. 218CV00710ODWPLA, 2018 WL 6131947, at *2 (C.D. Cal. May 2,

10  2018) (applying analogous New York state service statute and authorizing email

11  service).

12      *Gnathonic* and *Aevoe* are on point. In *Gnathonic*, the plaintiff engaged a

13  private investigator to determine an address to serve process on the defendant. 2019

14  WL 13166751, at *3. The investigator obtained several likely addresses through her

15  investigation, and the plaintiff unsuccessfully attempted to serve the defendant at

16  each of them. *Id.* On the plaintiff's motion to authorize service on the defendant by

17  email, the court held the plaintiff's investigation and service attempts constituted

18  reasonable diligence and granted the motion. *Id.* at *4.

19      Similarly, in *Aevoe*, the plaintiff had engaged a private investigator and

20  process server to ascertain the defendant's whereabouts, and the plaintiff then

21  attempted to serve the defendant by personal and substitute service at several

22  addresses. 2011 WL 3904133, at *2. Although none of the plaintiff's service efforts

23  were successful, the court held that they constituted reasonable diligence to locate

24  the defendant and authorized the plaintiff to serve the defendant by email and

25  publication. *Id.*

26      Here, like the plaintiffs in *Gnathonic* and *Aevoe*, Trader Joe's retained a

27  private investigator whose investigation yielded several likely addresses for service

28  on Defendant. Eberhart Decl. ¶ 18; *see also*, *generally*, Evashevski Decl. And, as in

10

*Gnathonic* and *Aevoe*, Trader Joe's attempted to serve Defendant at all of these addresses. Eberhart Decl. ¶¶ 22-23. Thus, this Court should conclude that Trader Joe's efforts are reasonably diligent for purposes of Section 413.30 and authorize Trader Joe's to serve Defendant by email.

## B.   Service by Email Is "Reasonably Calculated to Provide Actual Notice" to Defendant

To comport with due process, alternate service of process must be "reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props*., 284 F.3d at 1016. Courts in this District routinely grant requests to effect service by email on domestic defendants where, as here, the defendant: (1) does business on the internet; (2) relies on electronic communications to operate its business; (3) does not provide a physical address, or provides a physical address that is unsuitable for service; (4) has already communicated with the plaintiff by email; and/or (5) evades personal service or makes personal service difficult. *See, e.g*., *Gnathonic*, 2019 WL 13166751, at \*4; *Rio Props.*, 284 F.3d at 1017 (concluding that service of process by e-mail was not only proper, but also "the method of service most likely to reach" defendant, where defendant "structured its business such that it could be contacted only via its email address"); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at \*3 (N.D. Cal. Mar. 27, 2012) (holding "service by email would be the best method for providing actual notice" to domestic defendants who "are all engaged in internet-based commercial activities and rely on email as a means of communication"); *Kohler Co. v. Domainjet, Inc.*, No. 11-CV-1767-BEN MDD, 2012 WL 716883, at \*2 (S.D. Cal. Mar. 5, 2012) (finding that "service by e-mail will be reasonably calculated to give actual notice to Defendants" where plaintiffs had unsuccessfully attempted service at three physical addresses and had communicated with the defendant in the past using the email address); *Creative Intellects v. Haygood*, No. 221CV02670RGKAFM, 2021 WL 3568237, at \*3 (C.D.

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
2:23-CV-03010-MWF-RAO

Cal. July 23, 2021) (authorizing service by email and noting that "while courts look skeptically on service via a periodical because it is unlikely to result in actual notice, they routinely allow service by email") (citing cases). For example, in *Gnathonic*, the plaintiff's counsel sent the defendant an email and attached a copy of the complaint in the action. 2019 WL 13166751, at *4. The defendant responded to that email and acknowledged the plaintiff's claims. *Id.* The court determined that these communications provided sufficient evidence that the defendant was monitoring his email address and had received actual notice of the dispute. *Id.* Thus, pursuant to Section 413.30, it authorized service of the complaint on defendant by email to that email address. *Id.*

Similarly, in *Creative Intellects*, the plaintiff's counsel sent multiple emails to the defendant, one of which included a copy of the complaint in the action. 2021 WL 3568237, at *2. None of these emails resulted in "bounce back" messages. *Id.* The defendant later admitted that he had received an email from the plaintiff's counsel, but he refused to provide the plaintiff with his address or consent to email service. *Id.* Because none of the plaintiff's emails received a "bounce back" message, and because the plaintiff admitted he had received one of these emails, the court concluded that email was "the most effective way" to reach the defendant, and it granted the plaintiff's motion for alternative service. *Id.* at *4.

Here, like *Gnathonic* and *Creative Intellects*, Trader Joe's has corresponded with Defendant via email and sent Defendant a copy of the Complaint in this action via email. Eberhart Decl. ¶¶ 17-19, Exs. M-P. Furthermore, service is reasonably calculated to provide actual notice to Defendant because Defendant has used email to acknowledge receipt of Trader Joe's Complaint and to respond to Trader Joe's. *Id.* ¶ 20, Ex. Q. *See Gnathonic*, 2019 WL 13166751, at *4 ("Plaintiff has also shown that service by email is reasonably calculated to give Defendant notice— indeed, Plaintiff has shown that Defendant has *actual* notice of the action, and that he received such notice via email."). And like the situation in *Creative Intellects*,

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
2:23-CV-03010-MWF-RAO

1  none of Trader Joe's other emails to Defendant at support@t-shirtat.com resulted in
2  "bounce back" messages or any other indication that those emails were not
3  delivered, which further indicates that support@t-shirtat.com is Defendant's valid
4  email address. 2021 WL 3568237, at *3. The fact that Trader Joe's private
5  investigator has communicated with Defendant multiple times at support@t-
6  shirtat.com even further supports the conclusion that Defendant monitors this email
7  address and that it is the most effective way to reach Defendant. *See* Evashevski
8  Decl. ¶¶ 6-10, Exs. A, D; *see also E.L.V.H. Inc.*, 2018 WL 6131947, at *2
9  ("Plaintiffs have demonstrated a high likelihood that [the defendant] will receive
10 and respond to emails sent to the proposed email address. Service by email alone,
11 therefore, comports with due process."). For these reasons, Trader Joe's has
12 demonstrated that service by email is reasonably calculated to provide actual notice
13 to Defendant, and the Court should grant this Motion.

14 **V.      CONCLUSION**

15        Trader Joe's has been unable to serve Defendant despite diligent and
16 substantial efforts to ascertain a suitable address for service by conventional means.
17 Defendant's evasiveness has interfered with the progress of this litigation and
18 imposed substantial costs on Trader Joe's. Trader Joe's has already communicated
19 with Defendant at support@t-shirtat.com through counsel and a private
20 investigator, and Defendant has received and acknowledged a copy of Trader Joe's
21 Complaint sent to that email address. Thus, email communication to support@t-
22 shirtat.com is the means most reasonably calculated to apprise Defendant of the
23 action and afford it an opportunity to respond. Courts in this District routinely
24 authorize email service upon defendants in this circumstance, and this constitutes
25 good cause to not dismiss this action for lack of prosecution. For the foregoing
26 reasons, Trader Joe's respectfully requests this Court not dismiss this action for
27 lack of prosecution, grant this motion for service by alternative means and authorize
28 Trader Joe's to serve the summons and Complaint on Defendant by email to

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
2:23-CV-03010-MWF-RAO

1    support@t-shirtat.com, and grant a reasonable extension of the deadline to
2    complete such service.
3
4    Dated: July 13, 2023                    O'MELVENY & MYERS LLP
5
                                             By: */s/ David R. Eberhart*
6                                               David R. Eberhart
                                                Two Embarcadero Center
7                                               28th Floor
                                                San Francisco, California 94111-3823
8                                               Telephone:    +1 415 984 8700
                                                Facsimile:    +1 415 984 8701
9
                                                Scott W. Pink
10                                              2765 Sand Hill Road
                                                Menlo Park, California 94025-7019
11                                              Telephone:    +1 650 473 2600
                                                Facsimile:    +1 650 473 2601
12
                                                *Attorneys for Plaintiff*
13                                              *Trader Joe's Company*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28